IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3180-FL

| | |
|---|---|
| RICKY BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIK A. HOOKS, DR. LINDSEY E. ) | |
| DEGUEHERY, HEAD NURSE ROBERT ) | |
| JONES, TODD E. ISHEE, and OFFICER ) | |
| SWINSON ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences,

unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff's conclusory allegations fail to state a claim on which relief can be granted. Plaintiff's claims under the Americans with Disabilities Act ("ADA") and the Eighth Amendment require allegations showing deliberate indifference: that defendants were aware of and disregarded a serious medical need or his ADA rights. See Koon v. North Carolina, 50 F.4th 398, 404 (4th Cir. 2022); Scinto v. Stansberry, 841 F.3d 219, 225–26 (4th Cir. 2016).[1] The complaint fails to allege deliberate indifference under the foregoing standard.

To state a claim for retaliation, plaintiff must allege three elements: 1) "he engaged in protected First Amendment activity"; 2) "the defendant took some action that adversely affected his First Amendment rights"; and 3) "there was a causal relationship between plaintiff's protected activity and defendant's conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quotations omitted). Plaintiff does not allege these elements.

Plaintiff's equal protection claim requires allegations showing that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. If a plaintiff makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff does not allege that he was treated differently from others

---

[1] Plaintiff must allege deliberate indifference to recover compensatory damages under the ADA. See Koon, 50 F.4th at 404. Although plaintiff also seeks injunctive relief, his release from imprisonment moots those claims. See Rendleman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).

with whom he is similarly situated, and he therefore fails to allege a claim under the Equal Protection Clause.

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this the 23rd day of November, 2022.

                                      LOUISE W. FLANAGAN
                                      United States District Judge